IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MILDRED MINNIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 04-2056 Ma/P |
| ) | |
| CITY OF MEMPHIS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AS TO THE CITY AND THE COUNTY DEFENDANTS**

Before the court is the motion to dismiss filed by defendants Shelby County, Shelby County Assessor and Shelby County Trustee (collectively the "County Defendants") on January 21, 2005. Also before the court is defendant City of Memphis' (the "City") motion to dismiss, filed on January 27, 2005, in which the City adopts the "arguments and defenses" raised by the County Defendants. The named plaintiffs Mildred Minnis and Aracia Parker (the "Plaintiffs") filed a response on April 29, 2005. The County Defendants filed a reply brief on May 11, 2005. The City filed a reply brief on May 26, 2005, in which the City adopted the arguments in the County Defendants' reply brief. For the following reasons, the County Defendants' and the City's motions to dismiss are GRANTED, and the Plaintiffs' case is DISMISSED WITHOUT PREJUDICE as to them.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-16-05



## I. Jurisdiction

The Plaintiffs' Complaint is brought under the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601, et seq., and the Civil Rights Act of 1866, 42 U.S.C. § 1982. (Compl. at ¶ 1.) Because this case arises under federal law, the court has jurisdiction under 28 U.S.C. § 1331.

## II. Background

On January 29, 2004, the Plaintiffs filed a "Class Action Complaint For Declaratory Judgment and Permanent Injunctive Relief" on behalf of themselves and as representatives of a class of similarly situated individuals. The Plaintiffs named as defendants the City of Memphis, Shelby County, the Memphis Housing Authority, Memphis Light, Gas & Water, the Shelby County Assessor, the Shelby County Trustee, and the State of Tennessee (collectively the "Defendants").[1] The Plaintiffs' Complaint alleges that the Defendants' actions have violated the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601, et seq., and the Civil Rights Act of 1866, 42 U.S.C. § 1982. (Compl. at ¶ 1.)

The Plaintiffs' Complaint "arises out of the failure of Defendants to provide affordable rental housing for low-income citizens of Shelby County." (Id.) The Plaintiffs bring the Complaint on behalf of "a class of similarly situated low income

---

[1] Memphis Light, Gas & Water and the State of Tennessee are no longer defendants. Although court records indicate that the Memphis Housing Authority and the City share legal counsel, the Memphis Housing Authority did not file a motion to dismiss.

2

citizens in Shelby County who sought, or may in the future seek, affordable rental housing. . . ." (Id. at ¶ 2.)

The Complaint describes findings by the Tennessee Legislature and the City of Memphis that there is a lack of quality affordable housing in Tennessee, and particularly in Memphis. (Id. at ¶¶ 3, 4.) The Complaint alleges that the failure of the Defendants to act on those findings "[denies] low income citizens decent, clean, liveable, affordable rental housing [and] endangers the health, safety, and welfare of such citizens." (Id. at ¶ 5.)

Paragraphs 16 and 17 of the Complaint use statistics about the income of residents of Memphis and about the availability and condition of rental housing in Shelby County to show that finding safe and affordable rental housing is a serious problem for many citizens of Shelby County. The Plaintiffs allege that the Defendants have failed to solve this problem while spending money on "non-housing concerns and infrastructure improvements in suburban areas." (Id. at ¶ 18.)

The Complaint seeks certification of a class consisting "of all low income residents who have attempted to find decent affordable rental housing or will in the future need affordable housing in Memphis and Shelby County." (Id. at ¶ 20.) Although the Complaint states that both Minnis and Parker are black, (Id. at ¶¶ 9, 10.), the description of the class that the named plaintiffs seek to represent does not mention race. (Id. at ¶¶ 19-25.)

3

The Plaintiffs do not allege that the Defendants have intentionally discriminated against them because of race. Race only appears in the Complaint in ¶ 28, where the Plaintiffs allege that the Defendants' actions have resulted in "a city further segregated by race and income with no commitment or strategy to remedy the [problem.]"

The Plaintiffs seek the following relief:

2. Grant temporary, preliminary, and permanent injunctive relief restraining and enjoining Defendants, their employees, assignees, successors, and agents from continuing to disregard their statutory duties, including but not limited to:

> a) produce verified inventory or [sic] vacant lots, dilapidated housing stock, and tax sales in order for properties to be redeveloped or developed;
>
> b) provide a mechanism for the organized exchange of information between governmental bodies to document affordable housing needs, and make the data base readily accessible to the public;
>
> c) enforce existing anti-neglect ordinances and make government-owned properties subject to these ordinances;
>
> d) adopt a new "Smart Code" (based on the federal HUD models) that will make affordable housing less expensive to construct; and make this "Smart Code" preemptive to all other local and state codes
>
> e) institute a "receivership program" where distressed and dilapidated properties can be seized, and sold to motivated owners for redevelopment on a targeted basis.
>
> f) provide a strategic plan to determine the overall scope and nature of neighborhood blight and the need for affordable rental housing with specific deadlines for implementation. . . .

4

> 3. Grant a temporary, preliminary and permanent injunction restraining and enjoining Defendants from taking further action to provide Tax Incremental Financing in Shelby County until an affordable rental housing plan is adopted and funded and enjoin the State Defendants from implementing any new building codes until a "Smart Code" is adopted for Shelby County.

(Id., Conclusion at ¶¶ 2, 3.)

### III. Standard of Review For Dismissal Under Rule 12(b)(6)

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable to the plaintiffs." Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902. If the plaintiff can prove no set of facts that would entitle him to relief based on a viable legal theory, the claim will be dismissed. Scheid, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either

5

direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark a Van Sile, Inc., 330 F.3d 889, 902 (6th Cir. 2003) (emphasis added).

**IV. Analysis**

Plaintiffs seek to represent a class in an action for violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601, et seq. (the "FHA"), and the Civil Rights Act of 1866, 42 U.S.C. § 1982 ("§ 1982"). The class described in the Complaint "consists of all low income residents who have attempted to find decent affordable rental housing or will in the future need affordable housing in Memphis and Shelby County." (Compl. at ¶ 20.) The City and the County Defendants argue that the suit must be dismissed because the FHA and § 1982 do not prohibit discrimination based on income. (Def.'s Mem. in Supp. of Mot. to Dismiss at 12.)

To make out a claim under § 1982 a plaintiff must allege racial discrimination. See, e.g., Shaare Tefila Congregation v. Cobb, 481 U.S. 615, 616 (1987) ("Section 1982 guarantees all citizens of the United States, 'the same right ... as is enjoyed by white citizens ... to inherit, purchase, lease, sell, hold, and convey real and personal property.' The section forbids both official and private racially discriminatory interference with property rights.") The FHA prohibits discrimination based on "race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). The Complaint brings claims under § 1982 and the

6

FHA on behalf of a class of "low-income" plaintiffs. (Compl. at ¶ 1 ("This complaint arises out of the failure of Defendants to provide affordable rental housing for low-income citizens of Shelby County.").) Although the Complaint states that the named plaintiffs are black, the class of people the Plaintiffs seek to represent is described only as "low-income." (Id. at ¶ 20.) Thus, the Plaintiffs have failed to state a claim under § 1982 or the FHA.

The Plaintiffs argue that they have stated claims for racial discrimination under § 1982 and the FHA because the Complaint alleges that the Defendants' actions have increased racial segregation in Shelby County.[2] (Pl.'s Resp. at 2.) The Plaintiffs' argument misses the point. Irrespective of what effect the Defendants' actions have had, the class of plaintiffs named in the Complaint is not one recognized under § 1982 or the FHA.[3]

---

[2] Paragraph 28 of the Complaint is the sole paragraph that mentions race:

> Although the Defendants have identified the factors in the lack of affordable housing, they have failed to apply for or provide funds for new building codes, feasible rehabilitative building codes, coordination of housing information, failed to enforce anti-neglect ordinances and exempting public-owned buildings from these ordinances, failed to accurately define and maintain a control, uniform database of the inventory of vacant lots or dilapidated housing stock and tax sales for property to be developed and failed to coordinate local, state, and federal funding in targeted areas for affordable rental housing to be built. **The result is a city further segregated by race and income** with no commitment or strategy to remedy the identified components to provide affordable rental housing.

(Compl. at ¶ 28 (emphasis added).)

[3] Additionally, the Complaint does not allege intentional racial discrimination by the Defendants. A plaintiff may not bring a claim under § 1982 unless the plaintiff alleges that a defendant intentionally discriminated on the basis of race. See Thompson v. City of Hickman, 12 F.3d 214 (Table), 1993 WL 494117, at *3 (6th Cir. 1993); Carpenter v. Board of Allen County, Com'rs, 798

7

Finally, the Plaintiffs attempt to correct the deficiency in their Complaint by asking the Court's permission "to amend the Complaint to add 'black' to wherever 'low income resident' appears." (Pl.'s Resp. at 6.) Whether a pleading can be amended after a response has been filed is in the court's discretion. See Estes v. Kentucky Utilities Co., 636 F.2d 1131, 1133 (6th Cir. 1980). The court declines to exercise its discretion and allow the Plaintiffs to amend the Complaint in the manner they have proposed. The Complaint is based on statistics and legislative findings that low-income residents in Shelby County have difficulty obtaining safe and affordable rental housing. The Complaint does not relate income, race, and the availability of rental housing. Although the amendment the Plaintiffs propose would create an appropriate class of plaintiffs, it would also create in the Complaint an incoherent, or at least inconsistent, collection of claims, factual allegations, and requests for relief.

The Plaintiffs ask the court to find that portions of the Shelby County tax codes and the Shelby County building codes violate federal law. The Plaintiffs also ask the court to require Shelby County and the City to implement a detailed plan designed to create additional affordable rental housing. This relief would be complicated, expensive, and extraordinary. The court expresses no opinion about whether federal law provides for the relief sought,

---

F.2d 1413 (Table), 1986 WL 17270, at *2 (6th Cir. 1986).

but all parties are owed a carefully constructed complaint. The mechanical addition of the word "black" wherever the phrase "low-income" appears in the Complaint would not change the fact that the Complaint was originally drafted to seek relief under the FHA and § 1982 for a class of plaintiffs who are not entitled to relief under those statutes.

In declining to allow the Plaintiffs to amend the Complaint, the court has considered Fed. R. Civ. P. 15(a), which encourages the courts to give leave to amend a pleading freely "when justice so requires." In this case, justice will be served best if the action is dismissed without prejudice. The conduct that the Plaintiffs allege violates federal law is ongoing. Consequently, the Plaintiffs, should they choose to do so, may file a new complaint without concern that their claims will be barred by any statutes of limitations. If the Plaintiffs file a new complaint framed to seek relief for a class of plaintiffs recognized under § 1982 and the FHA, the City and the County Defendants will be able to respond to the substance of the complicated claims raised by the Plaintiffs. This in turn will serve justice because it will assist the court in determining whether, or to what extent, federal law provides relief for the important housing problems that the Plaintiffs have alleged in Shelby County.

## V. Conclusion

For the foregoing reasons, the court GRANTS the City and the County Defendants' motions to dismiss, and the Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE as to them.

So ordered this 15th day of June 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 46 in case 2:04-CV-02056 was distributed by fax, mail, or direct printing on June 16, 2005 to the parties listed.

---

Craig E. Willis
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

J. Martin Regan
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Bruce McMullen
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Sara L. Hall
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

Richard B. Fields
LAW OFFICE OF RICHARD B. FIELDS
688 Jefferson Ave.
Memphis, TN 38105--193

Dedrick Brittenum
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT